WAITE, *Appellant,*
*v.*
BESE et al, *Respondents.*
(No. 90438, CA 5499)

559 P2d 1291

Robert L. Engle, Woodburn, argued the cause for appellant. With him on the briefs were Eichsteadt, Boland & Engle, Woodburn.

Marshall C. Hjelte, Woodburn, argued the cause for respondents. With him on the brief were Klein & Hjelte, Woodburn.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner appeals from a circuit court decision upholding respondents' act of demoting him from the rank of police sergeant to the rank of police officer. Petitioner contends the hearing before Woodburn city officials concerning his demotion was defective because of an independent investigation by the hearings officer and because of a lack of findings of fact. Petitioner also contends the decision to demote him is not supported by substantial evidence.

■ All of petitioner's contentions are based upon the premise that he could not be demoted without a due process hearing. For this premise to be true, petitioner must have enjoyed some form of tenure-type protection of his rank within the police department, such as some form of legal assurance that he could only be demoted for cause. Tenure protection would then be a property interest that could not be taken from petitioner without a due process hearing.

In support of a claim of tenure in rank, petitioner cites a provision of the Woodburn City Charter:

"(a) The appointive officers of the city shall be * * * police officers * * *.

"* * * * *

"(d) Each appointive officer other than the city marshall shall hold office for a term of one year from and after appointment and until his successor is appointed and qualified.

"(e) The common council may at any time remove any and all appointive officers from office by a majority vote of the whole council." Ch II, § 2.

Whatever this provision means, we do not interpret it to provide the protection to petitioner he claims.

Petitioner also relies upon a provision in a document entitled "City of Woodburn Personnel Manual" (1972):

"GRIEVANCES AND APPEAL PROCEDURE. Should an employe wish to express a complaint, view, or

opinion relating to employment conditions or relationships, he shall follow the normal channels of authority within the department. If he is not satisfied with the department head's ruling, he may appeal such ruling to the City Manager." § 3.5 at 13-14.

It is not at all clear whether and to what extent this document has the force of law. It starts by welcoming new employes to the city, continues with a "history of Woodburn" and includes such advice as urging city employes "to practice safety at all times."

In any event, the personnel manual provision does not provide a tenure-type protection of petitioner's rank within the police department. It is nothing more than an opportunity for any city employe, tenured or not, to present a grievance to the City Manager. It does not follow, from the fact that the city provides for a grievance and appeal procedure, that the prescribed procedure must comply with due process standards. Unless petitioner had tenure in rank, and he cites nothing that so provides, the city was free to choose whether or not to have a hearing on his demotion and, if it chose to hold a hearing, to define the nature, scope and format of the hearing without any regard to what would otherwise be required in a due process context.

Citing an Oklahoma decision, petitioner seems to alternatively argue that a municipal employe without any tenure protection cannot be demoted for an "arbitrary" reason. Oregon law is to the contrary. *Schlichting v. Bergstrom,* 13 Or App 562, 511 P2d 846 (1973). *See also Bishop v. Wood,* —— US ——, 96 S Ct ——, 48 L Ed 2d 684 (1976).

Affirmed.